IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY ANTHONY, on behalf of himself and other similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SMALL TUBE MANUFACTURING CORP, d/b/a SMALL TUBE PRODUCTS CORP., INC., ADMIRAL METALS INC., TUBE METHODS, INC. and CABOT CORPORATION, Individually and as successor in Interest to Cabot Berylco, Inc., Kawecki, Berylco Industries, Inc., and the Beryllium Corporations Systems<br><br>Defendants,<br><br>and<br><br>AMETEK, INC.; BRUSH WELLMAN, INC. and MILLENNIUM PETROCHEMICALS, INC., formerly known as National Distillers and Chemical Corporation<br><br>Third-Party Defendants | CIVIL ACTION NO:  06-CV-4419-JKG<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY BRIEF**

Plaintiff Gary Anthony opposes Defendants' Motion for Leave to file a Reply Brief because Defendants' have not shown "good cause" for why they should be permitted to further supplement their Motion for Summary Judgment, particularly in view of the opportunity to make oral argument which the Court has afforded the parties on June 13, 2008.  Rather than bring to light new information or evidence, the Defendants' Proposed Reply does little more than restate arguments previously made, or offer rebuttal or

expansion best left for oral argument.  In any event, Defendants fail to meet the standard in this District for a written Reply, and for this reason, Defendants' Motion should be denied.

**I.     Argument**

A litigant in this District may not file a Reply as a matter of right:  instead, the Court can permit a Reply "for good cause shown."  *See* E.D. Pa. L.R. 7.1(c); *see also Van Gerve v. Upper Merion Police Dept., et al.*, 2004 U.S. Dist. LEXIS 14596 (E.D. Pa. July 28, 2004) (leave of court required to file a reply brief); *Berry v. Rite Aid Corp.*, 2001 U.S. Dist. LEXIS 6475 (E.D. Pa. May 17, 2001).  A showing of "good cause" requires more than the mere repetition of previous arguments.  *See Shanks v. Plumb-Town, Inc.*, 1996 U.S. Dist. LEXIS 3067 (E.D. Pa. March 13, 1996) (granting leave to file a reply to include newly-discovered facts); *see also Aventis Pharmaceuticals, Inc., et al. v. Barr Laboratories, Inc.*, 411 F.Supp.2d 490 (D.N.J. 2006) (court allowed litigant to expand its positions at oral argument).

**A.     Defendants' Proposed Reply Repeats Arguments Already Made**

Defendants' Proposed Reply, attached to their Motion for Leave, does little more than repeat arguments that Defendants made previously.  The Proposed Reply argues three essential points, each of which was already argued in Defendants' Motion for Summary Judgment and Memorandum [112]:

- This case is well-suited for summary judgment (Proposed Reply, at p. 3).
    - Defendants made this argument in their Memorandum at p. 4.
- The Pennsylvania Superior Court's decision in *Pohl* is binding and applicable (Proposed Reply at pp. 4, 7).

- o   Defendants argued this point over the course of five pages, consuming the majority of their Memorandum.  *See* Memorandum [112], at pp. 5-10.[1]

- Defendants' expert Dr. Repsher's purported expert declaration is credible and should be considered (Proposed Reply, at p. 9).

  - o   Defendants made this argument in their Memorandum at p. 2 and rely upon Dr. Repsher throughout their papers.

Defendants also argue that Brush's own medical monitoring program, identical in scope and intent to the relief sought by the class herein, is a "red herring," *see* Proposed Reply Brief, at p. 8, and should be ignored by the Court.  Whether or not the Court should ignore any significant argument by one of the parties is not "good cause" to be allowed another formal written submission and, like offering additional case law, should be relegated to an element or oral argument, not formal briefing.

## II.   Conclusion

None of the arguments raised in Defendants' Proposed Reply Brief is new, nor do they bring to light new evidence:  Defendants have therefore failed to demonstrate "good cause" as to why they should be permitted to Reply.  Defendants are certainly free to expand or explain these arguments at oral argument, however no good cause exists to permit these Defendants to further brief arguments already made in their Motion for Summary Judgment.  Defendants Motion for Leave should be denied.

                                                            Respectfully Submitted,
                                                            **GOLOMB & HONIK, P.C.**

                                                            RH2063
Dated May 13, 2008                RUBEN HONIK
                                                            STEPHAN MATANOVIC
                                                           121 South Broad Street, Ninth Floor
                                                           Philadelphia, PA 19147
                                                           215.985.9177

---

[1] Defendants also make much of the fact that, as they claim, there is additional case law support for one or more of their arguments.  *See* Proposed Reply Brief, at pp. 5-6.  This is precisely the kind of argument that counsel can and should make at oral argument so as to render appropriate finality to the written submissions.

        rhonik@golombhonik.com
        smatanovic@golombhonik.com
        Counsel for Plaintiff and
        The Class

## CERTIFICATE OF SERVICE

I, Stephan Matanovic, Esquire, counsel for plaintiff in the matter herein, hereby certify that a true and correct copy of Plaintiff's Opposition to Defendants' Joint Motion for Summary Judgment and Memorandum in support thereof, were served on the parties/counsel listed below this 13th day of May, 2008, as indicated:

*Via ECF*

Morton Daller, Esquire
Jennifer L. Weed, Esquire
**Daller, Greenberg & Dietrich LLP**
Eight Tower Bridge
161 Washington Street, Suite 900
Conshohocken, PA 19428

Joseph M. Profy, Esquire
**Blank Rome, LLP**
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103

David C. Onorato, Esquire
**Gregory W. Fox, Esquire**
Kerns Pearlstine Onorato & Fath LLP
425 W Main St
Lansdale, PA 19446-0029

John Goodchild III, Esquire
**Morgan, Lewis & Bockius**
1701 Market Street
Philadelphia, PA 19103

Rochelle M. Fedullo, Esquire
**Wilson, Elser, Moskowitz, Edelman & Dicker, LLP**
The Curtis Center, Suite 1130 East
Philadelphia, PA 19106

Kenneth J. Warren, Esquire
**Wolf Block Schorr & Solis-Cohen LLP**
1650 Arch St, 22ND FL
Philadelphia, PA 19103-2097

Neil S. Witkes, Esquire
**Manko, Gold, Katcher & Fox, LLP**
401 City Avenue, Suite 500
Bala Cynwyd, PA 19004

Jeffery D. Ubersax, Esquire
**Jones Day**
901 Lakeside Avenue, North Point
Cleveland, OH 441114

        **GOLOMB & HONIK, P.C.**

        SM7037
        **STEPHAN MATANOVIC**
        Attorney for Plaintiff