IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY ANTHONY, ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED, : Plaintiffs, : v. : CABOT CORPORATION INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO CABOT BERYLCO, INC., KAWECKI BERYLCO INDUSTRIES, INC. AND THE BERYLLIUM CORPORATION C/O C.T. CORPORATION SYSTEMS, ET AL., : Defendants. : | CIVIL ACTION NO. 06-CV-4419 |

HENRY S. PERKIN
UNITED STATES MAGISTRATE JUDGE

### MEMORANDUM

Presently before the Court is the Motion of Defendant Cabot Corporation ("Cabot") to determine the sufficiency of the responses by Plaintiff Gary Anthony ("Plaintiff") to Requests for Admissions under Rule 36(a)(6).[1] Cabot's Motion is GRANTED IN PART and DENIED IN PART. I have determined that Plaintiff's responses are insufficient, and Plaintiff may amend its responses or suffer deemed admissions as more fully explained herein.

---

[1] This matter comes to me pursuant to Judge James Knoll Gardner's Standing Order No. 2.

I.  **APPLICABLE LAW**

Pursuant to Federal Rule of Civil Procedure 36, a party may serve Requests for Admissions upon an opposing party. "The purpose of Requests for Admission is to expedite the trial by establishing certain material facts as true, thus reducing the number of issues for trial." Guinan v. A.I. duPont Hosp. for Children, No. 08-228, 2008 WL 938874, at *1 (E.D. Pa. Apr. 7, 2008) (citation omitted). A Request "should be in simple and concise terms in order that it can be denied or admitted with an absolute minimum of explanation or qualification." United Coal Cos. v. Powell Constr. Co., 839 F.2d 958, 968 (3d Cir. 1988). The requesting party "may not present... a broad and non-specific Request for Admissions of facts." McCarthy v. Darman, No. 07-CV-3968, 2008 WL 2468694, at *2 (E.D. Pa. June 17, 2008) (citing In Re Bell Atlantic Corp. Sec. Litig., 1996 WL 47970, at *1 (E.D. Pa. Feb. 2, 1996)). The requesting party may object to a Request for Admission by stating its objection.[2] Fed R. Civ. P. 36(a)(5).

Once a party has answered a Request, the requesting party may seek a judicial determination of the sufficiency of the answers. Guinan, 2008 WL 938874 at *1 (citing United States v. Lorenzo, No. 89-6933, 1990 WL

---

[2] In this case, Plaintiff made no objections to Cabot's Requests for Admission.

83388, at *1 (E.D. Pa. June 14, 1990)). In evaluating the sufficiency of the answers, the court should consider: (1) whether the denial fairly meets the substance of the Request; (2) whether good faith requires that the denial be qualified; and (3) whether any "qualification" which has been supplied is a good faith qualification. Id.

"Answers that appear to be non-specific, evasive, ambiguous, or that appear to go to the accuracy of the requested admissions rather than the 'essential truth' contained therein are impermissible and must be amended." Id. (citing Caruso v. Coleman Co., No. 93-CV-6733, 1995 WL 347003, at *3 (E.D. Pa. June 7, 1995)). Courts "should not allow the responding party to make hair-splitting distinctions that frustrate the purpose of the Request." Lorenzo, 1990 WL 83388, at *1 (citations omitted). Qualifications, however, are generally permitted if the statement, although containing some truth, conveys unwarranted and unfair inferences, when placed out of context of the whole truth. McCarthy, 2008 WL 2468694, at *4 (citations omitted).

II. DISCUSSION

Cabot seeks a determination that Plaintiff's responses to Cabot's Requests for Admissions are insufficient. First, Cabot asks the Court to determine that

Request Nos. 1 and 2 are deemed admitted, alleging that Plaintiff failed to respond to the substance of the Requests. Second, Cabot requests that Request Nos. 3, 16, 17, 18, 19, 21, 22, 23, and 32 be deemed admitted, alleging that Plaintiff's denials contain qualifications that imply total admissions.

**A. Request Nos. 1 and 2.**

Cabot's Request No. 1 sought information regarding the characteristics of persons in the proposed plaintiff class. The Request listed 34 characteristics and asked for a separate response to each sub-part.[3] Plaintiff responded with one response:

> Denied as stated. The proposed class is defined by the following affirmative, inclusive characteristics or features, and is not defined by way of any "negative" or "excluding" characteristics, except those that may logically flow from the class definition requirements:
>
>> All current and former employees of the U.S. Gauge facility who have been exposed to one or more of the Defendants' beryllium-containing products for a period of at least one (1) month while employed at the U.S. Gauge facility.

Mot. to Determine Suff. of Pl.'s Resp., Ex. 2, p. 4.

---

[3] Examples of the characteristics include, i.e., "persons who are being medically monitored for some form of cancer; persons who have been diagnosed with interstitial lung disease; persons who visited prior to September 2004 the Beryllium Clinic in Reading, Pennsylvania formerly operated by the Pennsylvania Department of Health..." Mot. to Determine Suff. of Pl.'s Resp., Ex. 2, p. 3.

4

A denial shall fairly meet the substance of the requested Admission. United Coal Cos., 839 F.2d at 967; Lorenzo, 1990 WL 83388, at *1. Plaintiff's response, defining the class with "affirmative, inclusive characteristics," did not fairly meet the substance of the Requests, the purpose of which was to obtain information about the 34 characteristics of persons in the proposed class, listed in each sub-part.

If Plaintiff considered the Request improper, he had an opportunity to object. Plaintiff did not object, choosing instead to generally deny the Request. The opportunity for Plaintiff to object to this Request has expired, but we will give Plaintiff an opportunity to amend his answer and respond in a manner that fairly meets the substance of each subpart of Request No. 1. Cabot's Request involves relevant class certification issues in this case and we conclude that Plaintiff must amend Response No. 1 or suffer a deemed admission.

Cabot's Request No. 2 sought an admission that "[c]hronic Beryllium disease is an immunological disease." Plaintiff responded:

> Denied as stated. Chronic beryllium disease is a granulomatous lung disease. It is diagnosed in persons who demonstrate beryllium sensitization and when inflammation appears in target organs, especially the lungs. This inflammation can

5

>           manifest as granulomas or mononuclear Interstitial
>           infiltrates.

Mot. to Determine Suff. of Pl.'s Resp., Ex. 2, p. 4. Cabot contends that Plaintiff's denial and qualification is non-responsive, as it does not address the relationship between chronic beryllium disease ("CBD") and the immune system. I agree.

Plaintiff argues that the statement contained within the Request is only partially correct, and conveys unwarranted and unfair inferences when placed out of context. Resp. to Def.'s Mot., p. 6. Plaintiff should have either objected to the Request or presented a good faith qualification; instead, he denied the Request and avoided addressing the connection between CBD and the immune system. Plaintiff did not object to the Request on the basis that it is either an overly-broad statement of a complex medical topic that requires explanation through expert testimony, or a controversial issue that presents a genuine issue for trial. See Guinan, 2008 WL 938874, at *4; Caruso, 1995 WL 347003, at *4. Instead, Plaintiff merely denied the Request, and attempted to evade its substance, which is the relationship between CBD and the immune system.

Plaintiff's response is particularly problematic, as demonstrated by the declaration of Craig S. Glazer, M.D.,

6

which indicates an essential truth to the Admission.[4] Guinan, 2008 WL 938874, at *1. A qualification by Plaintiff directing Cabot to Dr. Glazer's statement would have been a good faith qualification of the issue; however, Plaintiff's confusing choice to respond with complex medical terminology does not demonstrate a good faith effort to respond to this Request. If Plaintiff felt that the statement contained unwarranted and unfair inferences against Plaintiff, he should have qualified and clarified the partial truth, and objected to the unfair inference.

The time to object has expired, but I will give Plaintiff an opportunity to clarify his responses. Response No. 2 shall be amended in accordance with my order or, in the absence of such amendment, be deemed admitted.

**B. Request Nos. 3, 16-19, 21-23, and 32.**

The Court, based upon Dr. Glazer's declaration, understands that: If an individual is exposed to beryllium, he or she can develop an immunological response called "sensitization to beryllium." An individual who is sensitized to beryllium may progress to CBD when

---

[4] Dr. Glazer writes: "CBD is a multi-system disorder..." Mot. to Determine Suff. of Pl.'s Resp., Ex. 3, p. 3. "The pathogenesis [to CBD] begins with the development of a specific immune response to beryllium..." Id. "Sensitization to beryllium [the first step toward CBD] can be detected via an immunologic test..." Id.

7

inflammation appears in a target organ. Mot. to Determine Suff. of Pl.'s Resp., Ex. 3, p. 3.

With this understanding, it is unclear as to why Plaintiff denied Request Nos. 3, 19, 21, and 23.[5] Plaintiff's denials are "hair-splitting distinctions" that frustrate the purpose of the Request. Lorenzo, 1990 WL 83388, at *1. Request Nos. 3, 19, 21, and 23 are straightforward and do not convey unfair inferences out of context. Furthermore, in the context of Dr. Glazer's testimony, the Admissions are essentially true. If Plaintiff still believes that the subject Requests should be denied, he is granted an additional chance to make simpler and more accurate qualifications. Therefore, Plaintiff's responses to Request Nos. 3, 19, 21, and 23 shall be amended or deemed admitted.

In Request Nos. 16 and 17 particularly, Plaintiff's responses go to the accuracy of the language,

---

[5] Request No. 3 reads: "[CBD] results from an immunologic response to beryllium." Plaintiff responded, "Denied as stated. See response to No. 2, herein. By way of further response, [CBD] results from breathing in beryllium. Beryllium sensitization is an abnormal immune response to beryllium." Mot. to Determine Suff. of Pl.'s Resp., Ex. 2, p. 4.
Request No. 19 reads: "One must be sensitized to beryllium to develop [CBD]." Plaintiff responded, "Denied. See responses to Nos. 2-5, 16, herein." Id. at 7.
Request No. 21 reads: "Sensitization to beryllium is a precursor to the development of [CBD]." Plaintiff responded, "Denied. See responses to Nos. 17-19, herein." Id.
Request No. 23 reads: "Sensitization to beryllium necessarily precedes the development of chronic beryllium disease." Plaintiff responded, "Denied. See responses to Nos. 17-19, herein." Id. at 8.

and the particular words used, rather than the essential truth of the scientific statement contained within the Request.[6] Guinan, 2008 WL 938874, at *1. Again, Plaintiff had the opportunity to object to the characterizations used and did not. Plaintiff shall amend his response to Request Nos. 16 and 17, focusing less on semantics and alternatively basing his answer on the essential truth of the scientific statement contained within the Request.[7] In the absence of such an amendment, Plaintiff will suffer deemed admissions for Request Nos. 16 and 17.

Lastly, Plaintiff's responses to Request Nos. 18, 22, and 32 also contain "hair-splitting distinctions" and bad faith qualifications that, in light of Dr. Glazer's testimony, avoid the essential truth of the statements

---

[6] Request No. 16 reads, "Plaintiff contends that the BeLPT can be used to establish a person's sensitization to beryllium." Plaintiff responded, "Denied as stated... see paragraph 7 of the Declaration of Craig S. Glazer, M.D." Mot. to Determine Suff. of Pl.'s Resp., Ex. 2, p. 6-7. Dr. Glazer's affidavit states, "Sensitization to beryllium can be detected via an immunologic test known as [BeLPT]." Id. at Ex. 3, p. 3. I am unsure why Plaintiff denied an Admission that seems essentially true. If Plaintiff's issue with the statement was the phrase, "Plaintiff contends," then Plaintiff had an opportunity to object to the statement.

Request No. 17 reads, "Only sensitized persons can develop [CBD]." Plaintiff responded, "Denied. See responses to Nos. 2-5, 16, herein." Id. at Ex. 2, p. 7. The Court's understanding is that sensitization to beryllium is, indeed, the first step to CBD. Id. at Ex. 3, p. 3. If Plaintiff wished to clarify the term "sensitized persons," he may present a good faith qualification. He must, however, amend his current qualification to be more succinct.

[7] Plaintiff responds "[d]enied as stated" throughout his responses to the Requests for Admission. Plaintiff's inclusion of the words "as stated" makes it especially clear to the Court that Plaintiff is objecting to the characterization and language in the Requests.

9

therein.[8] The purpose of Requests for Admissions is to clarify the issues and expedite the trial. Guinan, 2008 WL 938874, at *1. Therefore, Plaintiff must amend its responses with good faith, straightforward qualifications. Plaintiff's responses to Request Nos. 18, 22, and 32 shall be amended by Plaintiff or deemed admitted.

### C. Admitting or Amending.

The Court has the discretion whether to permit amendment of a response to Requests for Admission or deem the Request admitted. Cabot contends that the Court should deem the Requests admitted, citing Kelvin Cryosystems, Inc. v. Lightnin, No. 03-CV-00881, 2004 WL 2601121 (E.D. Pa. Nov. 16, 2004). In Kelvin, the Court deemed Requests for Admission admitted because Plaintiff failed to respond to

---

[8] Request No. 18 reads, "Sensitization to beryllium is not itself a disease and has no symptoms." Plaintiff responded, "Denied. See responses to Nos. 2-5, 16, herein." Mot. to Determine Suff. of Pl.'s Resp., Ex. 2, p. 7. Dr. Glazer's Supplemental Declaration states, "People detected in monitoring programs will frequently have earlier disease more amenable to treatment or beryllium sensitivity that has not yet progressed to CBD." Id. at Ex. 4, p. 5. The Court reads Dr. Glazer's differentiation of beryllium sensitivity from earlier disease as a statement that beryllium sensitivity is not a disease.
  Request No. 22 reads, "Not all persons sensitized to beryllium develop [CBD]." Plaintiff responded, "Denied. See responses to Nos. 17-19, herein." Id. at Ex. 2, p. 8. Dr. Glazer states, "Sensitized individuals progress to CBD at a rate of about 8% per year..." Id. at Ex. 4, p. 6. This statement seems essentially true. Furthermore, a good faith qualification by Plaintiff would be citing this statement by Dr. Glazer, rather than citing to seven previous answers and four paragraphs of Dr. Glazer's affidavit.
  Request No. 32 reads, "Only respirable particles of beryllium create a risk of [CBD]." Plaintiff responded, "Denied as stated. It is admitted only that one must breathe in beryllium in order to be at risk of developing [CBD]." Id. at Ex. 2, p. 9. The Court reads the response as a "hair-splitting distinction."

two sets of Requests for Admissions. 2004 WL 2601121, at *2-3. Here, Plaintiff's insufficient responses do not rise to the level of a complete failure to respond; quite the reverse, Plaintiff did respond - albeit with many qualifications that avoided the essential truths contained within the Requests or the substance of the Requests. Therefore, Plaintiff deserves an opportunity to amend his answers. See Guinan, 2008 WL 938874, at *1; Caruso, 1995 WL 347003, at *3; Philadelphia Gear Corp. v. Techniweld, Inc., No. 90-5671, 1992 WL 99622, at *2-3 (E.D. Pa. May 1, 1992); United States v. Nicolet, Inc., No. 85-3060, 1989 WL 51734, at *2 (E.D. Pa. May 12, 1989).

An Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY ANTHONY,<br>ON BEHALF OF HIMSELF AND<br>OTHERS SIMILARLY SITUATED,<br><br>    Plaintiffs,<br><br>    v.<br><br>CABOT CORPORATION,<br>INDIVIDUALLY AND AS SUCCESSOR IN<br>INTEREST TO CABOT BERYLCO, INC.,<br>KAWECKI BERYLCO INDUSTRIES, INC.<br>AND THE BERYLLIUM CORPORATION C/O<br>C.T. CORPORATION SYSTEMS, ET AL.,<br><br>    Defendants. | CIVIL ACTION<br><br><br><br><br><br>NO. 06-CV-4419 |

## ORDER

AND NOW, this 2d day of July, 2008, upon consideration of the Motion of Defendant Cabot Corporation, under Rule 36(a)(6), to determine the sufficiency of Plaintiff's responses to Requests for Admission Nos. 1-3, 16-19, 21-23, and 32; and after consideration of the Plaintiff's response;

It is hereby **ORDERED** that Defendant's motion is **GRANTED IN PART AND DENIED IN PART** as follows:

The motion is **GRANTED** with regard to the determination that Plaintiff's response to Requests for Admission Nos. 1-3, 16-19, 21-23, and 32 are insufficient.

The motion is **DENIED** with regard to a deemed admission to Requests for Admission Nos. 1-3, 16-19, 21-23, and 32.

Plaintiff may amend his responses in accordance with this Memorandum and Order by providing sufficient responses within fifteen (15) days of the date of this order. Should Plaintiff fail to amend his responses within this time period, the Requests which are the subject of this Motion shall be deemed admitted.

BY THE COURT:

HENRY S. PERKIN
UNITED STATES MAGISTRATE JUDGE